# THE CUMULATIVE
## ADVANCE OHIO DIGEST OF OPINIONS
### Reported in the Ohio Law Abstract

## MUNICIPAL COURTS

No. 351
### STATE v. KRAJNYAK
In Municipal Court of Lorain, Ohio
No. 2876, March 31, 1923

This opinion has not been published except in Abstract.
INTOXICATING LIQUORS—Search warrant for private residence—Beverage purpose—Forfeiture declared.

STRENICK, J.

### Epitomized Opinion

On a search made on a warrant from this court, 18 52-gallon barrels of wine grape together with 18 quart bottles of whisky, and a large amount of other liquors were found at defendant's residence. He was then arrested under the Crabbe act, 6212-14 GC, charged with having the unlawful possession of intoxicating liquors. The evidence showed that excepting 28 barrels of wine, the liquors were acquired previous to the taking effect of the state and national prohibition acts, the accused having then been a saloonkeeper, and had removed the liquors from his saloon building to his residence, in which they had remained until the seizure. The defendant testified that the balance of the wine had been made by him, several barrels in the fall of 1921 and the balance in the fall of 1922 from the juice of grapes mostly raised in his own vineyard. That he had left the corks out of the barrels, so that fermentation would take place, and that he made the wine to be drank by himself, his family and company, and at no time had sold any.

The defendant contended that the liquors seized were possessed by him in a bonafide residence, and that it had been lawfully acquired and possessed by him, and no proof of sale having been made, he had committed no violation of law, relying upon Sec. 5 of the Crabbe act, 6212-17 GC. The state contended that, admitting defendant's evidence to be true, and there being no claim that any part of the liquor had been made for vinegar purposes, a large part of the liquors had been made unlawfully, and possessed in defendant's residence. The fermentation of the juice, from an analysis, showed large percent of alcohol, in excess of one-half of one per cent by volume, and the court held that, under the definition of "intoxicating liquor" given in 6212-14 GC, the place cannot be regarded as a bona fide private residence.

That the intention of the Legislature in enacting the Crabbe and the Miller acts were that the use of intoxicating liquors as a beverage should be prevented, and the law should not be construed as exempting one who manufactured and possessed intoxicating liquors for beverage purposes, especially when the evidence shows it was manufactured and possessed to be drank for beverage purposes.

It was the conclusion of the court that the wine in question, having been unlawfully made and possessed, for beverage purposes, in defendant's private residence, and the burden of evidence showing that his case come within the exception of the statute, which he had not done, he was guilty of unlawful possession of the liquors. That the premises having been stripped of their character as a bona fide private residence, no property right exists in any of the liquors seized, regardless of when they were acquired, and defendant is note entitled to have any of them returned to him, and the same are forfeited.

**Attorneys**—Wm. M. Friedman and T. B. Jarvis, for State; L. H. Job and D. H. Aikin, Contra.

## TABLE OF CASES

Published in Abstracts of April 4, 11 and 18

### U. S. COURTS
#### Supreme Court
No new Ohio cases.

#### U. S. Circuit Court of Appeals
Cleve., C. C., etc., Ry. v. U. S.. 17 Abs. 340.
East Liverpool v. Pitt Const. Co. 15 Abs. 315.
Letta v. Cinci Iron & Steel Co., 16 Abs. 323.
Maurer Co. v. Tubeless Tire Co., 16 Abe. 323.
Prettyman v. Penna. Co. 15 Abs. 315.
Salmon Falls Mfg. Co. v. Midland Tire Co., 16 Abs. 322.
Salati v. United States, 17 Abs. 339.
Windsor v. United States, 17 Abs. 339.

#### District Courts
Bonovatz v. Hard Rubber Co., 14 Abs. 342.
Fugitt v. L. E. & W. R. Co., 16 Abs. 325.
George, In re May, 16 Abs. 326.
Johnson, Tr., v. People Trust & Bank, 16 Abe. 324.
McCree v. Hines, 16 Abs. 325.
Ohio Collieries Co. et al v. Stuart, 16 Abs. 327.
Portage Rubber Co., in re, 16 Abs. 326.
United States v. Hilsinger, 16 Abs. 324.
Vaccarello v. Republic Eng. Co., 16 Abs. 324.
Venner v. M. C. Ry. Co., 16 Abs. 325.
Young v. Am. Straw Bd. Co., 14 Abs. 341.

### OHIO COURTS
#### Supreme
Bello v. Cleveland. 15 Abs. 315.
Carlin Co. v. Hines. 15 Abs. 309.
Hawke, George S., In re. 15 Abs. 310.
Holt v. State. 15 Abs. 309.
Loftus v. Penn. R. Co. 15 Abs. 310.
LoSchiavio v. N. O. T. & L. Co., 16 Abs. 327.
McCrory v. Rabbitts et al. 15 Abs. 310.
Silver Lake School v. Korns. 15 Abs. 398.
Thrailkill et al v. Smith. 15 Abs. 310.

#### Court of Appeals
Abrams v. Kangesser, 17 Abs. 344.
Anderson v. Holub, 17 Abs. 348.
Baumgardner v. Malloy. 15 Abs. 313.
Boswell v. Ry. Co. 15 Abs. 314.
Cleveland Ry. Co. v. Bezoska. 15 Abs. 315.
Cleveland Ry. Co. v. Haycox, 16 Abs. 330.
Coventry Land Co. v. Pfeiffer, etc., Co., 16 Abs. 329.
East Cleveland v. Wald. 15 Abs. 315.
First Sav. & Trust Co. v Goodman Piano Co., 16 Abs. 331.
Gelindo v. Nye, 17 Abs. 347.
Gray Lumber Co. v. Davis, 17 Abs. 348.
Golner v. Lawrence. 15 Abs. 314.
Hubbard v. Johnson. 15 Abs. 314.
Hooker v. Excelsior Realty Co., 16 Abs.
Industrial Co. v. Radanov, 16 Abs. 324.